IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RON BROOKS**,

    Plaintiff,

vs.                                                                                                           Civ. No. 09-1116 WPL/RHS

**GENERAL ELECTRIC**,

    Defendant.

## ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on Plaintiff Ron Brooks' Motion to Proceed *In Forma Pauperis* with Financial Affidavit, filed November 24, 2009, *see* Doc. 3, and on the Court's concomitant obligation "to review the affidavit and screen his case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

Brooks has consented, under 28 U.S.C. 636(c) and FED. R. CIV. P. 73(b), to have United States Magistrate Judge William P. Lynch conduct all proceedings in this case. *See* Doc. 4.

**I. Brooks has failed to submit sufficient documentation.**

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I.*

*DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The Court first notes that Brooks did not file, as required by 28 U.S.C. § 1915(a)(1), an "affidavit," which is a "statement of facts confirmed by oath before a judicial officer having authority to administer the oath," 2A C.J.S. *Affidavits* § 1 (2009); *Kiehne v. Atwood*, 93 N.M. 657, 667, 604 P.2d 123, 133 (1979), or signed under penalty of perjury, *see* 28 U.S.C. § 1746 (allowing federal requirements of an affidavit to be satisfied by a writing signed by the individual and "subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date). (Signature).'").  Failure to "fill out the proper forms or to otherwise provide the district court with the requisite information" in a sworn affidavit is grounds to deny a motion to proceed IFP because the Court is not required to rely on a plaintiff's "bald assertions" that he is unable to pay fees.  *Lister*, 408 F.3d at 1313.  The affidavit requirement also serves as a deterrent function because "[o]ne who makes this affidavit exposes himself to the pains of perjury in a case of bad faith. . . . This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." *Adkins*, 335 U.S. at 338 (internal quotation marks omitted).  The perjury sanction thus serves to protect the public against misuse of public funds by a litigant with adequate funds of his own.

Further, Brooks' unsworn financial statement is inconsistent and gives insufficient information.  For example, he states that he has lived at the same address for his whole "life," which indicates that it is his childhood home and that he still lives with his parents, but he states he pays $500/month in "rent" and $300/month in "shelter," which appears to be a double accounting charge for his living quarters.  Doc. 3 at 1-3.  He also states he pays $700/month in "utilities," which seems out of proportion to his rent, especially if he shares the house with other adults.  *See id.* at 3.  He lists

only a pickup as an owned vehicle, *see id.* at 2, but he includes $575/month as an expense for a "van," which he apparently does not own, *id.* at 3. He states that he has money in a savings account, but has not listed the amount. *See id.* He has a monthly net income of $2000, and yet he states that only $500/month comes from his employment and he lists no other sources of income. He lists 5 children as dependents, one of whom is apparently a "foster son," and yet he states that he is "single," as opposed to "divorced." Brooks includes no income (like food stamps), or expenses, for food. If Brooks files another motion to proceed IFP with an amended complaint, he needs to sign it before a notary or under penalty of perjury, clarify these discrepancies, including why he pays both $500 and $300 for "rent" and "shelter," and submit proof of expenses that seem out of line or extraordinary, like utility bills and proof that he owns the van he makes payments on.

The Court concludes that Brooks has not satisfied his obligation to present an affidavit showing that, because of his poverty, he cannot pay filing fees and supply himself and his dependents with the necessities of life. *See Adkins*, 335 U.S. at 339; *Lister*, 408 F.3d at 1313.

## II.     Brooks fails to state a claim against GE under § 1983.

Brooks' Complaint is sketchy and unclear and he used a form complaint provided by the Court for plaintiffs who are suing under 42 U.S.C. § 1983. *See* Complaint at 1. Brooks put a question mark in front of the box where he was to indicate whether Defendant General Electric ("G.E.") was acting under color of state law. *See id.* In screening the complaint under § 1915(e)(2)(B), the Court resolves the issue of whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly

> support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted). In screening the Complaint, the Court will accept as true Brooks' allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Brooks. *See id.* at 1217.

Brooks states that he worked for G.E. for about 10 years before he was laid off on an unspecified date. Complaint at 2. He states that he applied to be rehired and was interviewed at an unspecified time, but that "people of color were not hired back and others were." *Id.* The remainder of his allegations focus on the EEOC and the NAACP. He states that the EEOC and NAACP worked with G.E. on settlements with some people from his "group," but that for some unknown reason, his name was "taken off the list" and he was not notified of the "meeting to settle the matter," and neither the NAACP nor the EEOC will tell him why his name was taken off the list. *Id.* at 1-2. He states that an EEOC employee put the wrong date of November "2007" instead of November "2005" on his claim for discrimination as the "earliest date", *id.* at 2; that the NAACP has "given [him] the runaround" and will not talk with him, *id.*; and he contends that something "fishy" is going on when NAACP "members have their own kids put on a list where [his] name used to be." *Id.* at 3. He "is asking for justice and answers," but did not request monetary or injunctive relief. *See id.* at 3-4.

The Court has further fleshed out Brooks' claims by reviewing the documents he attaches to his Complaint. The first is a copy of "intake notes" from the EEOC investigator, Kathy Johnson. *See* Complaint, Att. 1. On the typewritten notes, Johnson put January 3, 2008 as the "last alleged date of harm" and the issues of "Hiring Nov, Dec, Jan 2007." *Id.* Brooks scratched out "2007" and replaced it with "2005" and hand wrote: "Kathy wrong date" on the notes. *Id.* In the formal EEOC

charge that Johnson filled out for Brooks and asked him to review because charges had to be filed within 300 days of the allegedly discriminatory event, *see* Complaint, Att. 3, Brooks again scratched out "2007" as the "earliest date" and replaced it with "2005" and noted, "Kathy, who wrote this date?" Complaint, Att. 2. He also put: "1st time 2005" above the type-written statement of "I applied for a position and was interviewed." He put "Kathy, this was the second time" with an arrow to the sentence: "I have followed up with the company . . . in about November 2007, December 2007, and January 2008 about the status of my application." *Id.* The EEOC charge states that he was laid off "about 6 or 7 years ago," which would be in 2001 or 2002. *Id.*

The fourth attachment to the Complaint is a letter from G.E. explaining to the EEOC that it could not have discriminated against Brooks by failing to rehire him in 2007 or January 2008 because the company did not have any hourly positions available during the times that Brooks allegedly applied for work in 2007 and January 2008. *See* Complaint, Att. 4. G.E. states that "the Company did no hourly hiring whatsoever from at least January 11, 2006 until a handful of individuals were offered positions in the May/June 2008 timeframe." *Id.* Brooks noted in the margin of the letter, "Wrong date again. Why? I interviewed the same day and week as the rest who did get settlement. 2005."

Based on his failure to allege that G.E., a private corporation, acted under color of state law, and based on the factual allegations in the Complaint, it is clear to the Court that Brooks cannot bring a civil-rights claim against G.E. under 42 U.S.C. § 1983. He has alleged no facts showing that "some person has deprived him of a federally protected right;" and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Because Brooks requests relief only under § 1983, his Complaint must be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii). *See Barnett v. Hargett*, 174 F.3d

1128, 1133 (10th Cir. 1999) ( "a district court should not assume the role of advocate for the pro se litigant, and may not rewrite a petition to include claims that were never presented") (citation and internal quotation marks omitted); *see Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that "a district court may, without abusing its discretion, enter [] an order [dismissing a complaint without prejudice] without attention to any particular procedures"); *Phillips v. Pub. Serv. Co. of N.M.*, No. 02-2197, 58 Fed. Appx. 407, *409, 2003 WL 191461, **2 (10th Cir.  Jan. 29, 2003) (per curiam) (affirming *sua sponte* dismissal of complaint for failure to allege sufficient facts to state a claim and without giving opportunity to amend and noting that, "[b]ecause [the complaint] was dismissed without prejudice, no real disadvantage has come to [the plaintiff] as a result of the *sua sponte* dismissal and his due process rights and right of access to the courts are not implicated.  *See Curley*, 246 F.3d at 1284.  Should he have a good faith basis to do so, [the plaintiff] is free to file another complaint.").  In short, it appears that Brooks erroneously used a § 1983 form-complaint when he desired to file a suit for discrimination under Title VII.

Based on the attachments to Brooks' Complaint, it appears that Brooks actually is complaining that he was not hired in 2005 because of a racially discriminatory animus.  Although his Complaint does not mention or assert jurisdiction under Title VII, it does allege sufficient facts to support a Title VII claim against G.E. – but Brooks would have to amend his complaint to assert a claim for relief under Title VII.

> In *McDonnell Douglas*, the Supreme Court enumerated the elements required in order for a plaintiff to establish a prima facie case in the failure to hire context. These are: (i) plaintiff belongs to a protected class; (ii) plaintiff applied and was qualified for a job for which the employer was seeking applicants; (iii) despite being qualified, the plaintiff was rejected; and (iv) after plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of [plaintiff's] qualifications.

*Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000) (internal quotation

marks and citations omitted). Here, Brooks alleges that he worked for G.E. for a number of years but was laid off (which indicates that he was qualified); that he sought re-employment and was interviewed for a position, and that he, along with other "people of color," was not rehired but others were. The problem is that the attachments to the Complaint indicate that Brooks failed to make a timely claim for racial discrimination under Title VII against G.E. within 300 days of its failure to rehire him in 2005, and his claim would therefore likely be barred, which is also likely the reason he was not included in the settlement negotiations that he mentions.

> Title VII requires a litigant to file a claim within 300 days of the alleged discriminatory conduct. 42 U.S.C. § 2000e-5(e)(1). The very precision of this requirement-not a year, not six months, not the state law statute of limitations for comparable causes of action-bespeaks Congress's concern. Title VII is not intended to allow employees to dredge up old grievances; they must promptly report and take action on discriminatory acts when they occur. Unlitigated bygones are bygones.

*Duncan v. Manager, Dep't of Safety, City & County of Denver*, 397 F.3d 1300, 1308 (10th Cir. 2005); *see Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982) (noting that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"). If Brooks decides to file a sufficient motion to proceed IFP (or pays the filing fees) and submits an amended complaint for racial discrimination under Title VII, he should specify the dates the alleged events and injury occurred, *see Nasious*, 492 F.3d at 1163 ("a district court might helpfully advise a pro se litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"), and must be prepared to show either that he filed a timely charge of discrimination with the EEOC within 300 days of G.E.'s failure to rehire him in 2005, received a right-to-sue letter, and has timely filed suit

in federal court, or that his failure to comply with the preconditions to filing suit under Title VII should be excused under the principles of waiver, estoppel, or equitable tolling. *See Arroyo v. Starks,* Nos. 08-3121, 08-3134, ___ F.3d ___, ___, 2009 WL 4827370, *4 (10th Cir. Dec. 16, 2009) (noting that "there is no heightened pleading requirement and a pro se plaintiff does not have to anticipate affirmative defenses in his complaint;" that the Tenth Circuit has "recognized the long-standing rule that '[i]f the allegations ... show that relief is barred by the applicable statutes of limitations, the complaint is subject to [sua sponte] dismissal for failure to state a claim' . . . when it is 'clear from the face of the complaint [and is] rooted in adequately developed facts;'" but also noting that "a statute of limitation is subject to tolling" and holding that a complaint should not be dismissed *sua sponte* without notice if there is any indication in the complaint that tolling factors may exist).

**IT IS ORDERED** that Brooks' motion to proceed IFP [Doc. 3] is DENIED, and Brooks' Complaint is DISMISSED without prejudice under § 1915(e)(2)(A) and (B).

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent